IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LEE MORALES,

      Plaintiff,                        No. 2:11-cv-3104 CKD P

      vs.

CALIFORNIA FORENSIC
MEDICAL GROUP, et. al.,

      Defendants.                ORDER TO SHOW CAUSE

_____/

      Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint in the United States District Court for the Northern District of California on August 22, 2011.  On November 4, 2011 the case was transferred to this court.  The proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to jurisdiction by a United States Magistrate Judge.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges that on December 2, 2009, while incarcerated in the Solano County Jail, Dr. Kadervari, the head physician, told plaintiff that he needed corrective lenses but that plaintiff could not see an optometrist while plaintiff was in the Solano County Jail. Dr. Kadervari further denied plaintiff "any more medical attention." (Dkt. No. 1 at 3.) In addition to Dr. Kadervari, plaintiff names the California Forensic Medical Group and the Solano County Jail Medical Department as defendants in this action.

Review of this court's records reveals that this is not the first time plaintiff has attempted to litigate these claims against these defendants. In <u>Morales v. California Forensic Medical Group, Inc.</u>, 2:09-cv-3610 GEB GGH, plaintiff filed a complaint in this court making substantially the same allegations against the same three defendants. That case was dismissed with prejudice on August 5, 2010. Because this court has an interest in preventing repetitive litigation, the court will raise the issue of res judicata *sua sponte* at this screening stage.

> While res judicata is a defense which can be waived, see Fed. Rule Civ. Proc. 8(c), if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

<u>United States v. Sioux Nation of Indians</u>, 448 U.S. 371, 432, Rhenquist, J., dissenting (internal citations omitted); <u>see</u> also <u>Clements v. Airport Auth. of Washoe County</u>, 69 F.3d 321, 329-30 (9th Cir. 1995) ("we have the ability to... raise the res judicata issue *sua sponte*").

The doctrine of res judicata bars the re-litigation of "any claims that were raised or could have been raised" in a prior action. <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001) (quoting <u>Western Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when there is "(1) an identity of claims; (2) a final

judgment on the merits; and (3) identity or privity between parties." Id. (internal quotations omitted).  The doctrine of res judicata applies to section 1983 actions.  See Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986).

Here, the facts alleged in plaintiff's pending complaint are a nearly verbatim recital of facts alleged in the previous action, except that plaintiff provided fewer details in the instant action.  There is an identity of claims and an identity between parties as to plaintiff's previous case and the instant action.  In addition, the dismissal with prejudice of the previous action counts as a final judgment on the merits for res judicata purposes.  See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal... - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.").

Although it plainly appears that the claims raised in plaintiff's complaint are barred by res judicata, plaintiff will be given an opportunity to be heard on this issue.  See Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1055 & n.6 (9th Cir. 2005) ("[W]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication.") (quoting Arizona v. California, 530 U.S. 392, 412-12 (2000)).

In accordance with the above, IT IS HEREBY ORDERED that:

Within 30 days of the date of this order, plaintiff may attempt to show cause why he should not be barred from proceeding in this action based on principles of res judicata. Failure to show cause will result in dismissal of this action.

Dated: October 16, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8/mora3104.showcause